**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CHARLES EDWARD SIMS, JR., | * | |
| Plaintiff, | * | |
| | | Civil Action No. 8:25-cv-4123-PX |
| v. | * | |
| FIRST CHOICE CONSTRUCTION, INC., | * | |
| Defendant. | * | |

***

# MEMORANDUM ORDER

Pending is Plaintiff Charles Edward Sims, Jr. ("Sims")' Motion for Default Judgment at ECF No. 8. Defendant, First Choice Construction, Inc. ("First Choice"), had been properly served on February 2, 2026, but failed to timely answer or otherwise respond. ECF No. 4.[1] After the Clerk filed its entry of default pursuant to Federal Rule of Civil Procedure 55(a), ECF No. 6, Sims moved for default judgment. ECF No. 8. The next day, First Choice noted its intention to move to vacate, followed by the motion itself shortly thereafter. ECF Nos. 13 & 15. For the following reasons, the Court grants First Choice's motion to vacate and denies Sims' motion for default judgment as moot.

A court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Fourth Circuit maintains "strong policy that cases be decided on their merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). Therefore, a motion to vacate default must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). "Any doubts about

---

[1] While First Choice disputes proper service in its notice of intent to seek vacatur of the default entry (ECF No. 13), it does not make the same argument in the motion to vacate. ECF No. 15. Thus, the Court considers the question of proper service to be undisputed. ECF No. 4.

whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.*

When considering whether to set aside an entry of default, the Court weighs six factors: (1) whether the movant has a meritorious defense, (2) whether the movant acted with reasonable promptness, (3) whether the movant bears personal responsibility for the entry of default, (4) any prejudice to the non-moving party, (5) any history of dilatory action, and (6) the availability of lesser sanctions short of default judgment. *See Colleton v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010)*; see also Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006).

The factors considered together support vacating the notice of default. First Choice demonstrated the possibility of a meritorious defense to Sims' breach of contract claims. A defense is meritorious when the defendant makes a factual showing that "would permit a finding for the defaulting party." *Russell v. Krowne*, No. DKC 08-2468, 2013 WL 66620, at *2 (D. Md. Jan. 3, 2013). A movant's burden for proffering a meritorious defense is not onerous; the movant simply needs to "allege sufficient facts that, if true, would constitute a defense." *Commodity Futures Trading Comm'n v. Jali*, No. PJM-20-CV-2492, 2024 WL 249159, at *3 (D. Md. Jan. 23, 2024) (citing *Russell*, 2013 WL 66620, at *2). First Choice proffers in this contract dispute that the parties never reached a meeting of the minds on provision of services or compensation. ECF No. 15 at 3–4. First Choice further asserts its intent to advance counterclaims. ECF No. 15 at 1, 3–4. This is sufficient to demonstrate the possibility of a meritorious defense. *See Broad. Music, Inc. v. Carrie Bell, Inc.,* No. CV JKB-19-1517, 2019 WL 6255173, at *4 (D. Md. Nov. 22, 2019) (accepting a "relatively threadbare defense" as possibly meritorious because "the

Court is cognizant of the Fourth Circuit's admonishment to interpret Rule 55(c) motions liberally").

Next, First Choice did not delay once receiving the Clerk's entry of default. It filed a motion to vacate within the 30-day deadline established in the Clerk's notice of default and provided additional notice of its intent to seek vacatur just one day after Sims' motion for default judgment. ECF Nos. 7, 13 & 15. Nor does anything suggest that First Choice personally participated in the delay or has a history of dilatory conduct. Finally, because the case is in its infancy, Sims is not prejudiced by proceeding to the merits. For these reasons, the motion to vacate is granted and the motion for default judgment is denied as moot.

Accordingly, and on this 5th day of November 2026, the United States District Court for the District of Maryland, hereby ORDERS:

1. Defendant First Choice Construction, Inc.'s Motion to Vacate and Set Aside Default (ECF No. 15) is GRANTED;
2. Plaintiff Charles Edward Sims, Jr.'s Motion for Default Judgment (ECF No. 8) is DENIED as moot;
3. Defendant First Choice Construction, Inc. is DIRECTED to either answer or respond to the Complaint within the time provided under the Federal Rules of Civil Procedure; and
4. The Clerk is DIRECTED to transmit this Order to the parties.

11/5/2026
Date

/s/
Paula Xinis
United States District Judge